**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION**

| | |
|---|---|
| R. Rudnick & Company,<br><br>    Plaintiff,<br><br>v.<br><br>JOE ANDERSON and RICHARD ANDERSON,<br>doing business as DISPOSAL MANAGEMENT<br>SYSTEMS and JOHN DOES 1-10,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) No.<br>)<br>)<br>)<br>)<br>)<br>) |

FILED: MAY 5, 2008
08CV 2560    NF
JUDGE GUZMAN
MAGISTRATE JUDGE DENLOW

### NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendants JOE ANDERSON and RICHARD ANDERSON hereby remove to this Court the state court action described below.

    1. On or about March 13, 2008 an action was commenced in the Circuit Court of Cook County, Illinois entitled *R. Rudnick & Co. v Joe Anderson and Richard Anderson doing business as Disposal Management Systems and John Does 1-10*, case no 08 CH 09542.

    2. Defendant was served with summons on April 4, 2008 and received a copy of plaintiff's petition on April 4, 2008. This Notice is timely.

    3. A copy of all process, pleadings and orders served upon defendant in the state court action are attached hereto as Exhibit "A".

    4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it arises under § 47 U.S.C. 227.

    5. All defendants who have been served with summons and petition have joined in this Notice of Removal or are parties to this notice.

WHEREFORE, defendants JOE ANDERSON and RICHARD ANDERSON pray that this action be removed to the United States District Court for the Northern District of Illinois.

DATED: May 5, 2008

By: /S/
Attorneys for Defendants
Joe Anderson and Richard Anderson

David T. Grisamore, Esq.
53 W Jackson #1643
Chicago IL 60604
(312) 913-3448
(312) 913-3458 fax
6237226

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

CCG N001-10M-1-07-05 (       )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, Chancery DIVISION

(Name all parties)

R. RUDNICK & CO.,

v.

JOE ANDERSON and RICHARD ANDERSON doing business as DISPOSAL MANAGEMENT SYSTEMS, and JOHN DOES 1-10

No. 08 CH 09542

Joe Anderson
d/b/a Disposal Management Systems
4805 Highland Avenue
Downers Grove, IL 60515

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802            , Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 41106
Name: Edelman, Combs, Latturner, & Goodwin, LLC
Atty. for: Plaintiff
Address: 120 S. LaSalle Street
City/State/Zip: Chicago, IL 60603
Telephone: 312.739.4200

WITNESS,

DOROTHY BROWN
Clerk of Court

Date of service: 6/9/
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at:     (312)    419-0379
(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Atty. No. 41106

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

R. RUDNICK & CO., )
)
Plaintiff, )
)
v. ) 08CH09542
)
JOE ANDERSON and RICHARD ANDERSON )
doing business as )
DISPOSAL MANAGEMENT SYSTEMS, )
and JOHN DOES 1-10, )
)
Defendants. )

## COMPLAINT – CLASS ACTION

## MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1. Plaintiff R. Rudnick & Co. brings this action to secure redress for the actions of defendants Joe Anderson and Richard Anderson d/b/a Disposal Management Systems, in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

2. The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

1

## PARTIES

3. Plaintiff R. Rudnick & Co. is an Illinois corporation with offices in Wheeling, Illinois, where it maintains telephone facsimile equipment.

4. Defendant Joe Anderson is an individual that does business as Disposal Management Systems. Joe Anderson is located at 4805 Highland Avenue, Downers Grove, Illinois 60515.

5. Defendant Richard Anderson is an individual that does business as Disposal Management Systems. Richard Anderson is located at 420 Cutters Mill Lane, Schaumburg, IL 60194.

6. Disposal Management Systems was once an Illinois corporation but is no longer in good standing.

7. Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

## JURISDICTION AND VENUE

8. Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

    a. Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

    b. Have transacted business in Illinois.

    c. Are located in Illinois.

## FACTS

9. On or about July 2, 2007, plaintiff R. Rudnick & Co. received the

2

unsolicited fax advertisement attached as <u>Exhibit A</u> on its facsimile machine.

10. Discovery may reveal the transmission of additional faxes as well.

11. Defendants Joe Anderson and Richard Anderson d/b/a Disposal Management Systems are responsible for sending or causing the sending of the fax.

12. Defendants Joe Anderson and Richard Anderson d/b/a Disposal Management Systems' products or services were advertised in the faxes and they derived economic benefit from the sending of the faxes.

13. Each fax refers to a website used by defendants.

14. Plaintiff had no prior relationship with defendants and had not authorized the sending of fax advertisements to plaintiff.

15. On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

16. On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

17. There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

18. Furthermore, the "opt out notice" required by the TCPA even when faxes are sent with consent or pursuant to an established business relationship was not provided in the faxes at issue.

## COUNT I – TCPA

19. Plaintiff incorporates ¶¶ 1-18.

3

20. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

21. The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—**

> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

22. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

23. Plaintiff and each class member is entitled to statutory damages.

24. Defendants violated the TCPA even if their actions were only negligent.

25. Defendants should be enjoined from committing similar violations in the future.

4

## CLASS ALLEGATIONS

26.  Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendants Joe Anderson and Richard Anderson d/b/a Disposal Management Systems promoting its goods or services for sale (d) and who did not (according to defendants' records) either (i) have an established business relationship with defendants Joe Anderson and Richard Anderson d/b/a Disposal Management Systems or (ii) expressly consent to the receipt of advertising faxes from defendants Joe Anderson and Richard Anderson d/b/a Disposal Management Systems, and in either case were also provided an "opt out" notice that complies with federal law.

27.  The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

28.  There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

   a.  Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

   b.  The manner in which defendants compiled or obtained their list of fax numbers;

   c.  Whether defendants thereby violated the TCPA;

   d.  Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

5

e. Whether defendants thereby converted the property of plaintiff.

29. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

30. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

31. Several courts have certified class actions under the TCPA. Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 50 P.3d 844 (Ariz. App. 2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

32. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a. Actual damages;

6

      b.    Statutory damages;

      c.    An injunction against the further transmission of unsolicited fax advertising;

      d.    Costs of suit;

      e.    Such other or further relief as the Court deems just and proper.

### COUNT II – ILLINOIS CONSUMER FRAUD ACT

33. Plaintiff incorporates ¶¶ 1-18.

34. Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

35. Unsolicited fax advertising is contrary to the TCPA and also Illinois public policy, as set forth in 720 ILCS 5/26-3(b), which makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

36. Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

37. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

38. Defendants engaged in such conduct in the course of trade and commerce.

39. Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax

7

broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

40. Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair. In addition, defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

41. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

42. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date 3 years prior to the filing of this action, and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendants Joe Anderson and Richard Anderson d/b/a Disposal Management Systems promoting its goods or services for sale (d) and who did not (according to defendants' records) either (i) have an established business relationship with defendants Joe Anderson and Richard Anderson d/b/a Disposal Management Systems or (ii) expressly consent to the receipt of advertising faxes from defendants Joe Anderson and Richard Anderson d/b/a Disposal Management Systems, and in either case were also provided an "opt out" notice that complies with federal law.

43. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

44. There are questions of law and fact common to the class that predominate

8

over any questions affecting only individual class members. The predominant common questions include:

    a.    Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b.    Whether defendants thereby violated the TCPA;

    c.    Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

    d.    Whether defendants thereby converted the property of plaintiff.

45. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

46. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

47. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a.    Appropriate damages;

    b.    An injunction against the further transmission of unsolicited fax

MAY-31-2005 14:22 From:   To:13125913345B   P.12/21

advertising;

        c.      Attorney's fees, litigation expenses and costs of suit;

        d.      Such other or further relief as the Court deems just and proper.

## COUNT III – CONVERSION

48.    Plaintiff incorporates ¶¶ 1-18.

49.    By sending plaintiff and the class members unsolicited faxes, defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

50.    Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

51.    By sending the unsolicited faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

52.    Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

53.    Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

54.    Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

55.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons

10

with Illinois fax numbers (b) who, on or after a date 5 years prior to the filing of this action and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendants Joe Anderson and Richard Anderson d/b/a Disposal Management Systems promoting its goods or services for sale (d) and who did not (according to defendants' records) either (i) have an established business relationship with defendants Joe Anderson and Richard Anderson d/b/a Disposal Management Systems or (ii) expressly consent to the receipt of advertising faxes from defendants Joe Anderson and Richard Anderson d/b/a Disposal Management Systems, and in either case were also provided an "opt out" notice that complies with federal law.

56. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

57. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b. Whether defendants thereby violated the TCPA;

    c. Whether defendants thereby committed the tort of conversion;

    d. Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

    e. Whether defendants thereby converted the property of plaintiff.

58. Plaintiff will fairly and adequately protect the interests of the class.

11

Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

59. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

60. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a. Appropriate damages;

    b. An injunction against the further transmission of unsolicited fax advertising;

    c. Costs of suit;

    d. Such other or further relief as the Court deems just and proper.

_____
Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor

12

Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106

T:\21024\Pleading\Complaint - Revised_Pleading.wpd

13

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

_/s/ Daniel A. Edelman_

Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

14

# EXHIBIT
# A

# DISPOSAL MANAGEMENT SYSTEMS, INC.
## *Recycling For The Future*

Dispatch
847-640-9777
877-4-CONTAINER

420 Cutters Mill Lane • Schaumburg, Illinois 60195
www.disposalmanagement.com

Billing
847-640-9794
Fax: 847-640-9797

# 20 or 30 Yard
# DUMPSTERS
# $310

• Up to 4 tons • $46 per ton over 4 tons • Within designated area •
• Fuel charge may apply • 1st Time Customers •

## 877 - 426 - 6824

- **Wood**
- **Cardboard**
- **Drywall**
- **Steel**
- **Concrete**

**WE RECYCLE**



## 9 Trucks and Over 300 Dumpsters for Your Rubbish

Printed on 100% recycled paper