IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS -  EASTERN DIVISION

| | | |
|---|---|---|
| R. Rudnick & Company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 CV 2560 |
| | ) | |
| JOE ANDERSON and RICHARD ANDERSON, | ) | |
| doing business as DISPOSAL MANAGEMENT | ) | |
| SYSTEMS and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO DISMISS

Defendants JOE ANDERSON and RICHARD ANDERSON, by counsel, state as follows as their Motion to Dismiss pursuant to F.R.C.P. Rule 12(b):

1.  On or about March 13, 2008 an action was commenced in the Circuit Court of Cook County, Illinois entitled *R. Rudnick & Co. v Joe Anderson and Richard Anderson doing business as Disposal Management Systems and John Does 1-10*, case no 08 CH 09542.

2.  Defendants were served with summons on April 4, 2008  and received a copy of plaintiff's petition on April 4, 2008. A Notice of Removal was timely filed in this case.

3.  Plaintiff's Complaint seeks certification of a class, with plaintiff as class representative, against Defendants for breaches of the TCPA, 47 U.S.C. Sec. 227, the Illinois Consumer Fraud Act (815 ILCS 505/et seq.) and common law conversion.  A copy of the complaint is attached hereto as Exhibit "A".

## A. Dismissal As to All Counts.

4.  Plaintiff's complaint Par 4-6 allege that defendants Joe and Richard Anderson are individuals doing business as Disposal Management Systems, Inc., and that Disposal Management Systems, Inc.  has been dissolved.

5.  In fact, Defendants are shareholders and officers of Disposal Management Systems, Inc. an Illinois Corporation incorporated since 1989 (See Exhibit "B").  Consequently, Defendants' conduct, whether or not said conduct is actionable, was undertaken in a corporate capacity, not in an individual capacity.

6.  Defendants have been improperly served in this case as individuals.

7.  Disposal Management Systems, Inc. has, on information and belief, never been served with summons or named as a defendant in this case.

**B.  Dismissal as to Count I - TCPA and Count II - Common Law Conversion.**

8.  At all relevant times Disposal Management Systems, Inc., which is engaged in the business of construction waste disposal, has subscribed to and participated in a publication known as "The Blue Book of Building and Construction" the "Electronic Blue Book"and the "BB-Bid Network", the latter being an online bid management system  (collectively the Blue Book).

9. On information and belief, the Blue Book is a print and web-based construction aid in which construction trades pay to advertise their services and to solicit price quotations from subcontractors for use in assembling bids on construction projects.

10.  On information and belief, at all relevant times the Plaintiff and putative class representative in this case has subscribed to and participated in the Blue Book and paid to have its services advertised in the Blue Book (Exhibit "C").

11. By advertising in the printed Blue Book Plaintiff subscribed to the Terms and Conditions of the Blue Book, Par. 6, which states as follows:

"6.  Fax and E-Mail Communication
By supplying The Blue Book with your fax and e-mail address, you agree to have The Blue Book and users of The Blue Book services communicate with you via fax or e-mail.(See Exhibit "D")"

By advertising in the web-based Blue Book and logging on to BB-Bid, Plaintiff subscribed to the online terms and conditions:

> "Fax and E-mail consent: All participants of the Electronic Blue Book and the BB-Bid Network agree to receive messages from other users of the BB-Bid Network and form the Blue Book via Fax and/or e-mail. (See Exhibit "E")

12. The Terms and Conditions of the Blue Book, create an existing business relationship (EBR) between the Plaintiff and Disposal Management Systems, Inc.

13. The Federal Communications Commission has determined that such voluntary disclosures of fax numbers are exempt from the prohibition on sending unsolicited facsimile advertisements (47 CFR Sec. 64.1200(a)(3)).

14. Accordingly, any faxes that were sent by Disposal Management Systems, Inc. to Plaintiff in this case are permitted by Federal Regulations and are not actionable.

15. Since express permission is granted under the Terms and Conditions of the Blue Book, no action for common law conversion can proceed.

C. **Dismissal as to Count II - Illinois Consumer Fraud Act**.

16. Plaintiff and Defendants (including the actual defendant, Disposal Management Systems, Inc.) are engaged in business and are not consumers.

17. Consequently, the Consumer Fraud Act does not apply to the facts and circumstances of this case.

WHEREFORE, defendants JOE ANDERSON and RICHARD ANDERSON pray that this action be dismissed and that this court grant such other and further relief as it deems just.

By: /S/_____
Attorneys for Defendants
Joe Anderson and Richard Anderson

David T. Grisamore, Esq.
53 W Jackson #1643
Chicago IL 60604
(312) 913-3448
(312) 913-3458 fax
6237226

EXHIBIT "A"

| 2120 – Served | 2121 – Served | |
|---|---|---|
| 2220 – Not Served | 2221 – Not Served | |
| 2320 – Served By Mail | 2321 – Served By Mail | |
| 2420 – Served By Publication | 2421 – Served By Publication | |
| SUMMONS | ALIAS – SUMMONS | CCG N001-10M-1-07-05 ( ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, Chancery _____ DIVISION

(Name all parties)

R. RUDNICK & CO.,

v.

JOE ANDERSON and RICHARD ANDERSON doing business as DISPOSAL MANAGEMENT SYSTEMS, and JOHN DOES 1-10

No. 08 CH 09542

Joe Anderson
d/b/a Disposal Management Systems
4805 Highland Avenue
Downers Grove, IL 60515

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802 _____, Chicago, Illinois 60602

| ☐ District 2 - Skokie | ☐ District 3 - Rolling Meadows | ☐ District 4 - Maywood |
|---|---|---|
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |
| ☐ District 5 - Bridgeview | ☐ District 6 - Markham | ☐ Child Support |
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 28 North Clark St., Room 200 |
| Bridgeview, IL 60455 | Markham, IL 60426 | Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 41106

Name: Edelman, Combs, Latturner, & Goodwin, LLC

Atty. for: Plaintiff

Address: 120 S. LaSalle Street

City/State/Zip: Chicago, IL 60603

Telephone: 312.739.4200

Service by Facsimile Transmission will be accepted at: ___ (312) 419-0379

WITNESS, _____

DOROTHY BROWN

Clerk of Court

Date of service: 6/9/7 , 8
(To be inserted by officer on copy left with defendant or other person)

(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Atty. No. 41106

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

R. RUDNICK & CO.,                        )
                                         )
            Plaintiff,                   )
                                         )
    v.                                   )          **08CH09542**
                                         )
JOE ANDERSON and RICHARD ANDERSON        )
doing business as                        )
DISPOSAL MANAGEMENT SYSTEMS,             )
and JOHN DOES 1-10,                      )
                                         )
            Defendants.                  )

## COMPLAINT – CLASS ACTION

## MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1.      Plaintiff R. Rudnick & Co. brings this action to secure redress for the

actions of defendants Joe Anderson and Richard Anderson d/b/a Disposal Management Systems,

in sending or causing the sending of unsolicited advertisements to telephone facsimile machines

in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois

Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

2.      The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax

advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the

use of its fax machine. The recipient also wastes valuable time it would have spent on something

else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause

wear and tear on fax machines, and require labor to attempt to identify the source and purpose of

the unsolicited faxes.

1

## PARTIES

3.    Plaintiff R. Rudnick & Co. is an Illinois corporation with offices in Wheeling, Illinois, where it maintains telephone facsimile equipment.

4.    Defendant Joe Anderson is an individual that does business as Disposal Management Systems.  Joe Anderson is located at 4805 Highland Avenue, Downers Grove, Illinois 60515.

5.    Defendant Richard Anderson is an individual that does business as Disposal Management Systems.  Richard Anderson is located at 420 Cutters Mill Lane, Schaumburg, IL 60194.

6.    Disposal Management Systems was once an Illinois corporation but is no longer in good standing.

7.    Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below.  Plaintiff does not know who they are.

## JURISDICTION AND VENUE

8.    Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

    a.    Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

        b.    Have transacted business in Illinois.

        c.    Are located in Illinois.

## FACTS

9.    On or about July 2, 2007, plaintiff R. Rudnick & Co. received the

unsolicited fax advertisement attached as <u>Exhibit A</u> on its facsimile machine.

10.    Discovery may reveal the transmission of additional faxes as well.

11.    Defendants Joe Anderson and Richard Anderson d/b/a Disposal Management Systems are responsible for sending or causing the sending of the fax.

12.    Defendants Joe Anderson and Richard Anderson d/b/a Disposal Management Systems' products or services were advertised in the faxes and they derived economic benefit from the sending of the faxes.

13.    Each fax refers to a website used by defendants.

14.    Plaintiff had no prior relationship with defendants and had not authorized the sending of fax advertisements to plaintiff.

15.    On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

16.    On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

17.    There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes.  Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

18.    Furthermore, the "opt out notice" required by the TCPA even when faxes are sent with consent or pursuant to an established business relationship was not provided in the faxes at issue.

## COUNT I – TCPA

19.    Plaintiff incorporates ¶¶ 1-18.

3

20.    The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

21.    The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—**

**(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

**(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

**(C)  both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

22.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

23.    Plaintiff and each class member is entitled to statutory damages.

24.    Defendants violated the TCPA even if their actions were only negligent.

25.    Defendants should be enjoined from committing similar violations in the future.

4

# CLASS ALLEGATIONS

26.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendants Joe Anderson and Richard Anderson d/b/a Disposal Management Systems promoting its goods or services for sale (d) and who did not (according to defendants' records) either (i) have an established business relationship with defendants Joe Anderson and Richard Anderson d/b/a Disposal Management Systems or (ii) expressly consent to the receipt of advertising faxes from defendants Joe Anderson and Richard Anderson d/b/a Disposal Management Systems, and in either case were also provided an "opt out" notice that complies with federal law.

27.    The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

28.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

a.    Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.    The manner in which defendants compiled or obtained their list of fax numbers;

c.    Whether defendants thereby violated the TCPA;

d.    Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

5

e.    Whether defendants thereby converted the property of plaintiff.

29.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

30.    A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

31.    Several courts have certified class actions under the TCPA. Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 50 P.3d 844 (Ariz. App. 2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

32.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.    Actual damages;

6

      b.     Statutory damages;

      c.     An injunction against the further transmission of unsolicited fax

advertising;

      d.     Costs of suit;

      e.     Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

33.     Plaintiff incorporates ¶¶ 1-18.

34.     Defendants engaged in unfair acts and practices, in violation of ICFA § 2,

815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

35.     Unsolicited fax advertising is contrary to the TCPA and also Illinois public

policy, as set forth in 720 ILCS 5/26-3(b), which makes it a petty offense to transmit unsolicited

fax advertisements to Illinois residents.

36.     Defendants engaged in an unfair practice by engaging in conduct that is

contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

37.     Plaintiff and each class member suffered damages as a result of receipt of

the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

38.     Defendants engaged in such conduct in the course of trade and commerce.

39.     Defendants' conduct caused recipients of their advertising to bear the cost

thereof. This gave defendants an unfair competitive advantage over businesses that advertise

lawfully, such as by direct mail. For example, an advertising campaign targeting one million

recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting.

The reason is that instead of spending $480,000 on printing and mailing his ad, the fax

7

broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

40.    Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair. In addition, defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

41.    Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

42.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date 3 years prior to the filing of this action, and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendants Joe Anderson and Richard Anderson d/b/a Disposal Management Systems promoting its goods or services for sale (d) and who did not (according to defendants' records) either (i) have an established business relationship with defendants Joe Anderson and Richard Anderson d/b/a Disposal Management Systems or (ii) expressly consent to the receipt of advertising faxes from defendants Joe Anderson and Richard Anderson d/b/a Disposal Management Systems, and in either case were also provided an "opt out" notice that complies with federal law.

43.    The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

44.    There are questions of law and fact common to the class that predominate

8

over any questions affecting only individual class members. The predominant common questions include:

      a.    Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

      b.    Whether defendants thereby violated the TCPA;

      c.    Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

      d.    Whether defendants thereby converted the property of plaintiff.

45.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

46.    A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

47.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

      a.    Appropriate damages;

      b.    An injunction against the further transmission of unsolicited fax

9

advertising;

      c.     Attorney's fees, litigation expenses and costs of suit;

      d.     Such other or further relief as the Court deems just and proper.

## COUNT III – CONVERSION

48.    Plaintiff incorporates ¶¶ 1-18.

49.    By sending plaintiff and the class members unsolicited faxes, defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

50.    Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

51.    By sending the unsolicited faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

52.    Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

53.    Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

54.    Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

55.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons

with Illinois fax numbers (b) who, on or after a date 5 years prior to the filing of this action and

on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf

of defendants Joe Anderson and Richard Anderson d/b/a Disposal Management Systems

promoting its goods or services for sale (d) and who did not (according to defendants' records)

either (i) have an established business relationship with defendants Joe Anderson and Richard

Anderson d/b/a Disposal Management Systems or (ii) expressly consent to the receipt of

advertising faxes from defendants Joe Anderson and Richard Anderson d/b/a Disposal

Management Systems, and in either case were also provided an "opt out" notice that complies

with federal law.

     56.    The class is so numerous that joinder of all members is impractical.

Plaintiff alleges on information and belief that there are more than 40 members of the class.

     57.    There are questions of law and fact common to the class that predominate

over any questions affecting only individual class members. The predominant common

questions include:

         a.    Whether defendants engaged in a pattern of sending unsolicited fax

advertisements;

         b.    Whether defendants thereby violated the TCPA;

         c.    Whether defendants thereby committed the tort of conversion;

         d.    Whether defendants thereby engaged in unfair acts and practices, in

violation of the ICFA.

         e.    Whether defendants thereby converted the property of plaintiff.

     58.    Plaintiff will fairly and adequately protect the interests of the class.

Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

59.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

60.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.     Appropriate damages;

b.     An injunction against the further transmission of unsolicited fax advertising;

c.     Costs of suit;

d.     Such other or further relief as the Court deems just and proper.

_____
Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor

12

Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106

T:\21024\Pleading\Complaint - Revised_Pleading.wpd

13

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

14

# EXHIBIT
# A

# DISPOSAL MANAGEMENT SYSTEMS, INC.

*Recycling For The Future*

,spatch
847-640-9777
877-4-CONTAINER

420 Cutters Mill Lane • Schaumburg, Illinois 60195
www.disposalmanagement.com

Billing
847-640-9794
Fax: 847-640-9797

# 20 or 30 Yard
# DUMPSTERS
# $310

• Up to 4 tons • $48 per ton over 4 tons • Within designated area •
• Fuel charge may apply • 1ˢᵗ Time Customers •

## 877 - 426 - 6824



- **Wood**
- **Cardboard**
- **Drywall**
- **Steel**
- **Concrete**

**WE RECYCLE**

# 9 Trucks and Over
# 300 Dumpsters for
# Your Rubbish

Printed on 100%
recycled paper

EXHIBIT "B"

*File Number*     5578-614-3



## To all to whom these Presents Shall Come, Greeting:

*I, Jesse White, Secretary of State of the State of Illinois, do hereby certify that*

DISPOSAL MANAGEMENT SYSTEMS, INC., A DOMESTIC CORPORATION, INCORPORATED UNDER THE LAWS OF THIS STATE ON DECEMBER 28, 1989, APPEARS TO HAVE COMPLIED WITH ALL THE PROVISIONS OF THE BUSINESS CORPORATION ACT OF THIS STATE RELATING TO THE PAYMENT OF FRANCHISE TAXES, AND AS OF THIS DATE, IS IN GOOD STANDING AS A DOMESTIC CORPORATION IN THE STATE OF ILLINOIS.



*In Testimony Whereof, I hereto set my hand and cause to be affixed the Great Seal of the State of Illinois, this* 27TH *day of* MAY *A.D.* 2008 .

*Jesse White*

SECRETARY OF STATE

Authentication #: 0814801876

Authenticate at: http://www.cyberdriveillinois.com

EXHIBIT "C"



My Leads    My Calendar    My Projects    My RFQs    My Vendors    BidScope

# THE BLUE BOOK® of Building and Construction

Since 1913

## Testimonials

[ Press Releases ]   [ Newsletter ]   | Trade

Request a Free Blue Book

Promote My Company

Send Bid Invitations

Find Project Leads

Request a Free Listing

About The Blue Book

Affiliate Partners

Industry Links

GC Showcase Information

Register for BB-Bid

Home| Help? | Contact Us

For Spec
Informati

BB BLUE BOOK
**Showcase**

**Blue Book Customer Testimonials**

"*The Blue Book* has made it possible for Quote & Coat to aggressively enter the cor
without the high costs associated with employing a direct sales force. In the two yea
the decision to service the commercial industry exclusively, we have added more th
national general contractors to our customer base as a direct result from advertising
*Book.* In addition, we just recently added on of the Triangle's largest GC/CM firms t
This addition resulted from attending one of your GC Showcases. Thank you for you
in the continued success of Quote & Coat. I look forward to growing the business wi
next several years."

*Russ Phillips, Business Development*
*Quote & Coat*
*Wake Forest, NC*

"Within days of our ad in *The Blue Book* we were deluged with calls from all over th
requesting that we bid jobs. Most of these were commercial tenant fit-outs and serv
commercial electrical service. Most of the clients that we have acquired through *The*
with us today, almost two years later. *The Blue Book* has been an incredible boost t



*Carol G. Saunders, Office Manager*
*Visual Electric, Inc.*
*Frederick, MD*

"Between the project leads we receive from your online service, and the number of
receive from having placed our ad, we are going to have an incredibly busy summe
only regret is that we didn't place our ad sooner. We are also bidding more competi
your online service because we are finding more subcontractors who are providing
pricing. *The Blue Book* online is incredibly easy and user-friendly. It's an invaluable
use it every day."

*Dave Rudnick, Vice President*
*R. Rudnick & Co.*
*Wheeling, IL*

"Landscape Systems, Inc. has been extremely pleased with the response that we h
*The Blue Book.* Our client list has more than tripled and we are being inundated wit
Bid."

*Chandra Nuttal, VP of Business Development*
*Landscape Systems, Inc.*
*Mesa, AZ*

EXHIBIT "D"



TERMS AND CONDITIONS

1. Contract Conditions

   A. All Contracts are Non-Cancelable

   B. Past Due Accounts: All past due accounts will be charged 1½% interest per month on outstanding balances. Advertiser is responsible for all costs and fees incurred by *The Blue Book* in the collection of outstanding balances. *The Blue Book* reserves the right to suspend internet exposure and project leads.

2. Prepayment & Payment Terms (Annual)

   A. Contracts: A non-refundable deposit is required on the total amount of all orders. Balance will be billed at the beginning of the publication year(s).

   B. Payment Terms: are net upon receipt of invoice (January).

3. Contract & Copy Regulations

   All orders are subject to acceptance by *The Blue Book of Building and Construction*, P.O. Box 500, Jefferson Valley, NY 10535-0500.

4. Proof Policy

   Proofs will be sent on orders received before October 1st.

5. Bid Information

   Bid information relating to *bid* opportunities is proprietary information, and may only be used by our customers for their purposes of bidding on a specific construction project. *Further* distribution of this bid information is not permitted and would be a violation of the proprietary rights *of* such information.

6. Fax and E-Mail Communication

   By supplying The Blue Book with your fax and e-mail address, you agree to have The Blue Book and users of The Blue Book services communicate with you via fax or e-mail.

EXHIBIT "E"



Terms & Conditions for thebluebook.com, BB-Bid and BidScope

Product Overview: BB-Bid is an online bid solicitation and management system that enables two-way communication between the buyer and seller. Although messages can be delivered via e-mail or fax, the objective is to provide expedited messaging with automatic updates via thebluebook.com's network.

Copyright Information: All contents of the website "thebluebook.com" and the services created by Contractors Register, Inc. referenced herein are trademarks and/or copyrighted by Contractors Register, Inc. (The Blue Book of Building and Construction), P.O. Box 500, Jefferson Valley, NY 10535.

Acceptable Usage: Contractors Register, Inc. permits usage of BB-Bid and our database for the sole purpose of communicating construction project information. Users may not use any electronic means to copy, extract, or duplicate the Blue Book database through thebluebook.com and/or BB-Bid. BB-Bid is not to be used for promotional purposes. If it is communicated to Contractors Register, Inc. that a user has misused the service, we reserve the right to terminate their usage.

Redistribution of Project Content: Project Leads, and all content contained therein, received by a user of The Blue Book services, either through direct messaging to their fax machine, email address or BB-Bid In-Box or through BidScope, may not be reproduced, transmitted or distributed unless that user is searching for construction related product and service providers directly related to the project through Blue Book services. The Blue Book retains the right to turn access off to BB-Bid and BidScope to any company that represents a group of companies such as associations and/or cooperative advertising companies.

Project Leads Originating From McGraw-Hill Construction Dodge: All information provided by The McGraw-Hill Companies and its affiliatesis owned by or licensed to The McGraw-Hill Companies and its affiliates (the "McGraw-Hill Information"). The McGraw-Hill Companies and its licensors retain all proprietary rights to the McGraw-Hill Information. Except for making one hard copy print of limited portions of the McGraw-Hill Information on an ad hoc basis, or downloading as expressly authorized by The McGraw-Hill Companies, McGraw-Hill Information may not be reproduced, transmitted or distributed without The McGraw-Hill Companies' permission.

The McGraw-Hill Companies makes no guarantees or warranties as to the accuracy or completeness of or results to be obtained from accessing and using the McGraw-Hill Information. Neither The McGraw-Hill Companies nor its affiliates shall be liable to any user or anyone else for any inaccuracy, error or omission, regardless of cause, in The McGraw-Hill Information or for any damages resulting there from.

The user agrees to indemnify The McGraw-Hill Companies from any damages, losses, costs or expenses which The McGraw-Hill Companies, its affiliates, their respective employees and authorized representatives may incur as a result of material entered into these Web pages by the user.

All users of projects leads from McGraw-Hill Construction agree to abide by the terms and conditions as published on Construction.com.

Accuracy of Content: Contractors Register, Inc. has taken reasonable action to assure the accuracy and completeness of the information contained in our database. However, due to the magnitude of our database, we do not guarantee or warrant that the site will be free of errors. Contractors Register, Inc. assumes no liability and cannot be held responsible for any loss or damage that may result from such errors or omissions.

Responsibility for Content: Information provided in the database of names, including all display advertising, company profile data and representations of services provided are the responsibility of those companies. All project related documents, including but not limited to, plans, drawings, specifications, bid documents and

photos are the responsibility of the content provider. In addition, messages and communication authored by users, including all project information, are the responsibility of the author. Contractors Register, Inc. is not responsible for any claims or content of any company listed within the database, nor does it assume any responsibility for the project information, claims and content in messages and communications delivered through BB-Bid.

Severability from Project Activity: While providing messaging and information services that are used in the buying and selling of construction products and/or services related to particular construction projects, Contractors Register, Inc. assumes no liability resulting in any activities to the completion of that project including changes, delays, performance issues and payment considerations. Contracts between parties resulting from communications through thebluebook.com are not the responsibility of Contractors Register, Inc. and no guarantees or warranties may be assumed or implied.

Privacy and Ownership: All information developed by users of BB-Bid, including project information and other private database information, remain the property of the user and the user assumes all responsibility for accuracy, completeness, and legality.

Trademarks: The logos, trademarks, designs and service marks displayed within thebluebook.com (collectively known as "Trademarks") are the registered and unregistered trademarks of Contractors Register, Inc. and may not be used, copied or duplicated without the express permission in writing from the owner. In addition, advertisements contained within the site may contain logos, trademarks, designs and service marks that are the property of the advertiser and may not be used without their permission.

Use of Site: Due to the complexity of the Internet and conditions that change constantly, Contractors Register, Inc. cannot be held liable for any risks, delays, complications or access problems associated with Internet usage. The user agrees not to hold Contractors Register, Inc. liable for any failed or undeliverable messages, nor for the failure to access thebluebook.com website.

Indemnification: All participants of BB-Bid messaging agree not to hold Contractors Register, Inc. (including all owners, managers, and employees) responsible for any losses, claims, damages, or liabilities, which could possibly result from the use of thebluebook.com and its related services. The participants agree to reimburse Contractors Register, Inc. for any legal fees or expenses incurred by Contractors Register, Inc. due to actions performed by the participant.

Fax and Email Consent: All participants of the Electronic Blue Book and the BB-Bid Network agree to receive messages from other users of the BB-Bid Network and from the Blue Book via Fax and/or email.

Right to Change: Contractors Register, Inc. reserves the right to make changes at any time in thebluebook.com and its associated services. Such changes may include, but are not limited to, changes in prices, fees, services, appearances, accessibility, and scope.

Rev. 3.13 12/1/04

**Contractors Register, Inc.**
Jefferson Valley, NY 10535
(800) 431-2584  Fax: (914) 243-0287
www.thebluebook.com
email:info@thebluebook.com
Copyright © 2004 Contractors Register, Inc.