**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| R. RUDNICK & CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 08 C 2560 |
| | ) | |
| JOE ANDERSON and RICHARD ANDERSON | ) | Judge Guzman |
| doing business as | ) | Magistrate Judge Denlow |
| DISPOSAL MANAGEMENT SYSTEMS, | ) | |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE**
**TO FILE AN AMENDED COMPLAINT, *INSTANTER***

Plaintiff R. Rudnick & Co. respectfully requests pursuant to Fed. R. Civ. P. 15, leave of Court to file an amended complaint, *instanter*.  In support thereof, plaintiff states:

1.     On March 12, 2008, plaintiff filed this case in the Circuit Court of Cook County, Illinois, Chancery Division.  On May 5, 2008, defendants removed this case.

2.     On June 25, 2008, defendants subpoenaed the Illinois Secretary of State requesting production of: "Corporate File No. 55786143 - Disposal Management Systems, Inc.; copy of any and all filed articles of dissolution for Disposal Management Systems, Inc.; copy of all documents in corporate file filed between January 1, 2006 and date of response to this subpoena."

3.     The Illinois Secretary of State responded to the subpoena and plaintiff's counsel was provided with copies of the responsive documents on July 3, 2008.

4.     The Illinois Secretary of State's document production revealed that

1

Disposal Management Systems, Inc. was not currently dissolved and has not ever been dissolved in Illinois.

5.      It appears that Disposal Management Systems, Inc. had filed its annual report or final transition annual report and pay its franchise tax just a few days before it would have been administratively dissolved.  *See* 805 ILCS 5/12.40(b).

6.      Accordingly, plaintiff seeks leave to amend its complaint to name Disposal Management Systems, Inc. as a defendant and requests that a summons issue to served Disposal Management Systems, Inc.  A copy of the proposed amended complaint is attached hereto as Appendix A.

7.      Leave to amend a party's pleading "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227 (1962).

WHEREFORE, plaintiff respectfully requests leave to file an amended complaint, *instanter,* and for a summons to issue to serve defendant Disposal Management Systems, Inc.

Respectfully submitted,


  /s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| R. RUDNICK & CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 08 C 2560 |
| | ) | |
| DISPOSAL MANAGEMENT SYSTEMS, INC. | ) | Judge Guzman |
| and JOHN DOES 1-10, | ) | Magistrate Judge Denlow |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT – CLASS ACTION

## MATTERS COMMON TO MULTIPLE COUNTS

## INTRODUCTION

1.     Plaintiff R. Rudnick & Co. brings this action to secure redress for the actions of defendant Disposal Management Systems, Inc.  in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

2.     The TCPA expressly prohibits unsolicited fax advertising.  Unsolicited fax advertising damages the recipients.  The recipient is deprived of its paper and ink or toner and the use of its fax machine.  The recipient also wastes valuable time it would have spent on something else.  Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

## PARTIES

3.      Plaintiff R. Rudnick & Co. is an Illinois corporation with offices in Wheeling, Illinois, where it maintains telephone facsimile equipment.

4.      Defendant Disposal Management Systems, Inc.  is an Illinois corporation with offices at 420 Cutters Mill Lane, Schaumburg, IL 60194.  Its registered agent and office are Thomas R. Allen, 11 S. LaSalle St., Suite 1020, Chicago, IL 60603.

5.      Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below.  Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6.      This Court has subject-matter jurisdiction under 28 U.S.C. § 1331.

7.      Personal jurisdiction and venue are proper in this district in that defendants:

a.      Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

b.      Have transacted business in Illinois.

c.      Are located in Illinois.

## FACTS

8.      On or about July 2, 2007, plaintiff R. Rudnick & Co.  received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

9.      On or about April 11, 2008, plaintiff R. Rudnick & Co. received the unsolicited fax advertisement attached as Exhibit B on its facsimile machine.

10.    Discovery may reveal the transmission of additional faxes as well.

11.    Defendant Disposal Management Systems, Inc. is responsible for sending or causing the sending of the fax.

12.    Defendant Disposal Management Systems, Inc., as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

13.    Each fax refers to a website used by defendant.

14.    Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

15.    On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

16.    On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

17.    There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes.  Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

18.    Furthermore, the "opt out notice" required by the TCPA even when faxes are sent with consent or pursuant to an established business relationship was not provided in the faxes at issue.

## COUNT I – TCPA

19.    Plaintiff incorporates ¶¶ 1-18.

20.    The TCPA makes unlawful the "use of any telephone facsimile machine,

3

computer or other device to send an unsolicited advertisement to a telephone facsimile machine

..." 47 U.S.C. §227(b)(1)(C).

21. The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

> **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>
> **(C) both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

22. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

23. Plaintiff and each class member is entitled to statutory damages.

24. Defendants violated the TCPA even if their actions were only negligent.

25. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

26. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons

4

and entities with facsimile numbers (b) who, on or after a date four years prior to the filing of

this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action,

(c) were sent faxes by or on behalf of defendant Disposal Management Systems, Inc.  promoting

its goods or services for sale (d) and who were not provided an "opt out" notice as described in

47 U.S.C. §227.

27.     The class is so numerous that joinder of all members is impractical.

Plaintiff alleges on information and belief that there are more than 40 members of the class.

28.     There are questions of law and fact common to the class that predominate

over any questions affecting only individual class members.  The predominant common

questions include:

a.     Whether defendants engaged in a pattern of sending unsolicited fax

advertisements;

b.     The manner in which defendants compiled or obtained their list of

fax numbers;

c.     Whether defendants thereby violated the TCPA;

d.     Whether defendants thereby engaged in unfair  acts and practices,

in violation of the ICFA.

e.     Whether defendants thereby converted the property of plaintiff.

29.     Plaintiff will fairly and adequately protect the interests of the class.

Plaintiff has retained counsel experienced in handling class actions and claims involving

unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which

might cause them not to vigorously pursue this action.

30.     A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

31.     Several courts have certified class actions under the TCPA.  <u>Travel 100 Group, Inc. v. Empire Cooler Service, Inc.,</u> 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); <u>Rawson v. C.P. Partners LLC</u>, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); <u>ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.,</u> 50 P.3d 844  (Ariz. App.  2002); <u>Core Funding Group, LLC v. Young,</u> 792 N.E.2d 547 (Ind.App. 2003); <u>Nicholson v. Hooters of Augusta, Inc.,</u> 245 Ga.App. 363, 537 S.E.2d 468 (2000)  (private class actions); see  <u>State of Texas v. American Blast Fax, Inc.,</u> 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

32.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

        a.     Actual damages;

        b.     Statutory damages;

        c.     An injunction against the further transmission of unsolicited fax advertising;

        d.     Costs of suit;

        e.     Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

33.     Plaintiff incorporates ¶¶ 1-18.

34.     Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

35.     Unsolicited fax advertising is contrary to the TCPA and also Illinois public policy, as set forth in 720 ILCS 5/26-3(b), which makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

36.     Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

37.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

38.     Defendants engaged in such conduct in the course of trade and commerce.

39.     Defendants' conduct caused recipients of their advertising to bear the cost thereof.  This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail.  For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting.  The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink.  "Receiving a junk fax is like getting junk mail with the postage due".   Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

40.     Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair.  In addition, defendants' conduct was

7

contrary to public policy, as established by the TCPA and Illinois statutory and common law.

      41.    Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

      42.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons and entities with Illinois fax numbers (b) who, on or after a date 3 years prior to the filing of this action, and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Disposal Management Systems, Inc.  promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

      43.    The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

      44.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

      a.    Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

      b.    Whether defendants thereby violated the TCPA;

      c.    Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

      d.    Whether defendants thereby converted the property of plaintiff.

      45.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving

unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

46.    A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

47.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.    Appropriate damages;

b.    An injunction against the further transmission of unsolicited fax advertising;

c.    Attorney's fees, litigation expenses and costs of suit;

d.    Such other or further relief as the Court deems just and proper.

## COUNT III – CONVERSION

48.    Plaintiff incorporates ¶¶ 1-18.

49.    By sending plaintiff and the class members unsolicited faxes, defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

50.    Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

51.     By sending the unsolicited faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

52.     Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

53.     Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

54.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

55.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons and entities with Illinois fax numbers (b) who, on or after a date 5 years prior to the filing of this action and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Disposal Management Systems, Inc. promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

56.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

57.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

        a.      Whether defendants engaged in a pattern of sending unsolicited fax

advertisements;

    b.  Whether defendants thereby violated the TCPA;

    c.  Whether defendants thereby committed the tort of conversion;

    d.  Whether defendants thereby engaged in unfair acts and practices,

in violation of the ICFA.

    e.  Whether defendants thereby converted the property of plaintiff.

   58.  Plaintiff will fairly and adequately protect the interests of the class.

Plaintiff has retained counsel experienced in handling class actions and claims involving

unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which

might cause them not to vigorously pursue this action.

   59.  A class action is an appropriate method for the fair and efficient

adjudication of this controversy. The interest of class members in individually controlling the

prosecution of separate claims against defendants is small because it is not economically feasible

to bring individual actions.

   60.  Management of this class action is likely to present significantly fewer

difficulties that those presented in many class actions, e.g. for securities fraud.

   WHEREFORE, plaintiff requests that the Court enter  judgment in favor of

plaintiff and the class and against defendants for:

    a.  Appropriate  damages;

    b.  An injunction against the further transmission of unsolicited fax

advertising;

    c.  Costs of suit;

11

d.      Such other or further relief as the Court deems just and proper.


                            /s/ Daniel A. Edelman
                            Daniel A. Edelman


Daniel A. Edelman
Michelle R. Teggelaar
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\21024\Pleading\Amended Complaint_Pleading.WPD

## <u>NOTICE OF LIEN</u>

Please be advised that we claim a lien upon any  recovery herein for 1/3 or such amount as a court awards.

 /s/ Daniel A. Edelman    
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>CERTIFICATE OF SERVICE</u>

I, Daniel A. Edelman, certify that on July 7, 2008, I caused a true and accurate copy of the foregoing document to be served upon the party listed below via the court's CM/ECF system:

David T. Grisamore
dgriz67@sbcglobal.net


/s/ Daniel A. Edelman
Daniel A. Edelman

EXHIBIT A

**OccuSport Physical Therapy Presents**

# Workers Compensation Seminar

# POST OFFER TESTING

## Test Procedure - Liability - Cost - Savings

### This seminar will answer the questions:

Does this type of testing really decrease workers' compensation cost?

Can you as an employer avoid hiring your next claimant?

## Agenda & Speakers

**Diane Newquist, OccuSport Physical Therapy,**
an expert on implementing post offer testing.

**Rick Sampson, Ogletree Deakin Law Firm,**
expert legal opinion on post offer testing.

**Rich Blackwell, Rich Blackwell Consulting,**
expert on union issues and contract language
regarding post offer testing.

**Jim Drost, Hilb, Rogal & Hobb (HRH),**
an insurance representative,
how will post offer testing effect your bottom line.

## Tuesday
## January 22, 2008

**Registration: 7:30am - 8:00am**
***includes continental breakfast**
**Program: 8:00am - 12:30pm**

## Park Place of Countryside
## 6240 Joliet Road
## Countryside, IL 60525

**Supported By:**
Underground Contractors Association (UCA)
Masons Contractors of Greater Chicago
Painting and Decorating Contractors Association of Chicago
Plumbing and Mechanical Contractors Authority of Northern Illino

# Register NOW! $40

**First Person Registration $40, each additional registration from the same company or association $25**

Name & Company_____

Name & Company_____

Name & Company_____

Name & Company_____

Register Online at www.occusport.com
If paying by check make checks payable to OccuSport Physical Therapy
Send to Attn: Post Offer Seminar 420 Summit Drive Lockport, IL 60441
Fax registration to 708-658-1579
Any questionsor if you would like to be taken off this fax list send an email to krosenlund@occusport.com.

EXHIBIT B

**DISPOSAL MANAGEMENT SYSTEMS, Inc.**
*Recycling For The Future*

Dispatch
847-640-9777
877-4-CONTAINER

431 Ozinga Mill Lane   •   Schaumburg, Illinois 60193
www.disposalmanagement.com

Billing
847-640-9770
Fax: 847-640-0703

Date:

DOUG Kersy

**Dear Mr.**                          ,

    Disposal Management Systems (DMS) is a family-owned union business and has been in operation for 25 years and still growing. We recognize the increasing recycling and disposal needs of the construction industry. We would like the opportunity to provide construction waste recycling and removal service for your company.

    DMS provides same-day service in a fast and efficient way. We carry 15, 20, and 30 yard open containers and 30, 35, and 40 yard compactors. We offer competitive pricing.

    We have Recycled drywall, steel, non-ferrous metals, cardboard, wood, brick, and concrete. Last year, we recycled enough steel to build 500 automobiles, 4000 tons of brick and concrete enough to build one mile of road, 5000 cubic yards of wood for landscaping chips, and 200 tons of cardboard for corrugated boxes and over 1000 tons of drywall.

    Enclosed is a brochure and completed quotation form. If you need additional information or have any questions, please call. Your time is greatly appreciated. We hope we can develop a business relationship.

Sincerely,

Kenneth Cook
Operations Manager

# DISPOSAL MANAGEMENT SYSTEMS, INC.

## *Recycling For The Future*

**Dispatch**
847-640-9777
877-4-CONTAINER

420 Cutters Mill Lane • Schaumburg, Illinois 60195
www.disposalmanagement.com

**Billing**
847-640-9799
**Fax: 847-640-9797**

# 20 & 30 YARD

# DUMPSTERS

# $310.00

$55.00 PER TON OVER 4

FUEL SURCHARGES MAY APPLY
WE RECYCLE
C&D
9 TRUCKS 300 DUMPSTERS TO SERVE
YOU IN CHICAGO AND SUBURBS FOR
OVER 23 YEARS

Printed on 100%
recycled paper